UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Yessenia S.T, <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and Eric Tollefson, Sheriff of Kandiyohi County, <br><br> Respondents. | No. 26-cv-30 (SRN/SGE) <br><br><br> **ORDER** |

Wilmer David Lumbi, 913 Thomas Ave. N., Minneapolis, MN 55411, Next Friend for Pro Se Petitioner Yessenia S.T.

Ana Voss and Liles Harvey Repp, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Wilmer David Lumbi, Next Friend of Pro Se Petitioner Yessenia S.T. Petitioner seeks immediate release from detention or, in the alternative, an opportunity for a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 4].)

1

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted as to a bond hearing.

## I.   BACKGROUND

### A. Immigration Proceedings

Petitioner is a citizen of Ecuador. (Pet. ¶ 13.) She has lived in the United States since July 2021. (*Id.* ¶ 18.) In February 2025, she filed a petition for asylum, which is currently pending.[1] (*Id.* ¶ 19; Robinson Decl. [Doc. No. 5] ¶ 7 & Ex. D (Form I-213) at 2.) In November 2025, DHS approved employment authorization for Petitioner. (Pet. ¶ 20.) She has three minor children residing in the United States, two of whom are U.S. citizens. (*Id.*; Form I-213 at 3.) Petitioner is actively involved in her children's school and her local church. (Pet. ¶¶ 22–23.)

On December 13, 2025, Immigration and Customs Enforcement ("ICE") officers encountered Petitioner during a vehicle stop of a vehicle registered to their intended target. (Robinson Decl. ¶ 8.) Officers found that Petitioner had illegally entered the United States and she lacked immigration documents demonstrating that she was otherwise allowed to remain in the United States. (*Id.*) In addition, ICE contends that Petitioner had failed to report to an ICE/Enforcement and Removal Operations ("ERO") office and she had not updated DHS with her permanent address. (*Id.*) Officers arrested Petitioner and took her

---

[1] A hearing on her asylum petition was scheduled for January 8, 2026 at the Bishop Henry Whipple Federal Building in Minneapolis, but Immigration Court was closed that day due to protests following the fatal shooting of Renee Good on January 7, 2026. (*See* Robinson Decl. ¶11.) Respondents contend that Petitioner's asylum hearing will be rescheduled, but did not provide a date in their submissions to the Court. (*Id.*)

2

into custody. (*Id.*) She is currently detained at the Kandiyohi County Jail in Willmar, Minnesota. (*Id.* ¶ 11.)

### B. ICE Policy and BIA Ruling

Pursuant to a new policy announced on July 8, 2025, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," the Department of Homeland Security ("DHS")/ICE now considers all persons who enter the United States without inspection "applicants for admission" under 8 U.S.C. § 1225(a), and therefore argues that they are subject to mandatory detention under § 1225(b)(2)(A).

In September 2025, the Board of Immigration Appeals ("BIA") adopted DHS/ICE's broad interpretation of § 1225(b)(2) in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA found that § 1225(b)(2) applied to aliens classified as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being aliens "present in the United States without being admitted or paroled, or [for arriving] in the United States at any time or place other than as designated by the Attorney General." *Id.* at 217, 225.

### C. Proceedings in this Court

On January 5, 2026, Petitioner's Next Friend filed the instant Petition on her behalf, asserting that Petitioner is entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a), at which an immigration judge can assess whether she poses a flight risk or a danger to the community. (Pet. ¶¶ 1, 37–56.)

3

Respondents disagree. They argue that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to a bond hearing under the INA.[2] (Resp'ts' Opp'n at 19–43.)

## II. DISCUSSION

The parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States. The critical distinction between these provisions is that "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246–47 (W.D. Wash. 2025). Again, Respondents maintain that Petitioner falls within the mandatory detention provisions of § 1225(b), while Petitioner argues that she is subject to

---

[2] Respondents do not challenge subject matter jurisdiction, administrative exhaustion, or the standing of Petitioner's "next friend" to file this action. Nevertheless, the Court briefly addresses these issues. As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025).

As to exhaustion, requiring administrative exhaustion would be futile in light of *Hurtado*. *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

Finally, a "next friend" may pursue a habeas corpus action on behalf of a detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). Such status is appropriate where, as here, the detainee is unable to prosecute the action on their own. *Id.* at 163–64.

4

§ 1226(a). There is no dispute, however, that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals—the only circuit court to have addressed the issue—and the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply.

Respondents acknowledge the weight of legal authority against their interpretation of § 1225(b)(2)(A), but they nevertheless urge the Court to "revisit its prior conclusion[.]" (Resp'ts' Opp'n at 41.) They argue that a "growing minority" of courts agree with their position. (*Id.* at 15–16.) In particular, Respondents note that as of November 2025, the court in *Demirel*, 2025 WL 3218243, at *4, identified 282 out of 288 district court decisions rejecting the Government's interpretation of § 1225(b)(2)(A), but assert that "[j]ust over a month later, the number of district court decisions agreeing with the Government's

5

approach stood at, at least, 30." (Resp'ts' Opp'n at 17.)  The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A).

Respondents also note factual distinctions between the instant case and this Court's prior decisions in *Maldonado*, 795 F. Supp. 3d at 1139–41 (involving ICE's invocation of an automatic stay of the Immigration Court's decision to grant bond under § 1226), and *E.M.*, 2025 WL 3157839, at *1 (involving deferred action status and the prior administrative closure of removal proceedings due to a pending U Visa application). (Resp'ts' Opp'n at 41–42.)  Indeed, in the Court's Order to Show Cause, it directed Respondents to address how the instant case is materially distinguishable from *Maldonado* and *E.M.*, either factually or legally.  (Order to Show Cause [Doc. No. 2] at 2.)  However, the factual differences that Respondents have identified do not alter the Court's statutory analysis, fully set forth in *Maldonado* and *E.M.*, and its finding that § 1225(b) is inapplicable to noncitizens already residing in the country, such as Petitioner, who is subject to the provisions of § 1226.  Petitioner is therefore entitled to a bond hearing.  Other judges in this District have reached the same conclusion, applying the same statutory analysis. *See, e.g.*, *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v.* Klang, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025).

Accordingly, the Court orders Respondents to provide Petitioner with a bond hearing in accordance with § 1226(a).

### III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Yessenia S.T.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

   b. Within seven (7) days of the date of this Order, Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

   c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

   d. Within ten (10) days of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing.  If the immigration judge determines that the Petitioner is subject to detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise that require Petitioner to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and permit transfer of Petitioner.

Dated: January 14, 2026                              s/Susan Richard Nelson
                                                                                                                                 SUSAN RICHARD NELSON
                                                                                                                                  United States District Judge